The District Township of Corwin v. Morehead.

THE DISTRICT TOWNSHIP OF CORWIN v. MOREHEAD.

1. **Evidence:** HEARSAY. Where the owner of real estate had consented to the erection of a school-house upon a designated site thereon, and in the absence of the owner it was erected upon a different site, the testimony of witnesses to the effect that they had heard the builder say the owner of the land directed it to be erected on the place selected was *held* to be incompetent.

*Appeal from Ida District Court.*

SATURDAY, APRIL 26.

THIS cause was before this court at a previous term, on an appeal from the ruling of the Circuit Court upon a demurrer to the petition. 43 Iowa, 466.

The plaintiff avers in substance that, with the consent of the defendant, it erected a school-house on defendant's land,

under the agreement that plaintiff should have free use of a sufficient amount of said land for the said school-house to stand upon, and for school-house purposes, so long as said district township let the said school-house remain on said land; that defendant has wrongfully taken possession of said school-house, and has refused, upon demand, to deliver the same to the plaintiff.

Judgment is asked for the possession of said house, or for its value. The answer was a general denial of the allegations of the petition.

There was a trial by jury and a verdict and judgment for the plaintiff. Defendant appeals.

*T. W. Morehead* and *C. W. Rollins*, for appellant.

*J. H. Macomber*, for appellee.

ROTHROCK, J.—I.    Certain witnesses were called by the plaintiff, who testified to facts as to the location and erection of the school-house, and the acts of the school board in that behalf.    Objection was made to this evidence upon the ground that the records of the proceedings of the board were not shown to have been lost nor destroyed. We think a sufficient showing was made to authorize the parol evidence to be introduced.    It is satisfactorily shown that the earliest record in existence is of the date of March 23, 1870.    The school-house was erected in 1860.

1. EVIDENCE: hearsay.

II.    The evidence tends to show that an agreement was made between the plaintiff and defendant that the school-house should be built upon a certain site agreed upon between the parties.

Before anything was done in the way of erecting the building the defendant and her husband went to Missouri.    During their absence the contract for building the house was let to one Loveland, and the site was changed from that agreed upon to a distance of from a quarter to a half mile, and the

The District Township of Corwin v. Morehead.

house was erected but not finished when defendant and her husband returned. The defendant's husband expressed some dissatisfaction with the change of location when he returned. Certain witnesses were introduced, who testified that Loveland stated to them that he had authority to build the house where he did build it, and that it was by Morehead's orders. Objection was made to this evidence as not competent. The objection was overruled. We think the evidence should have been excluded, because it was hearsay. There is nothing in the record before us to render the evidence competent upon the ground that defendant was bound by the declarations of Loveland as her agent. It may be that if the defendant expressed no dissent from the change of location when she returned home, but acquiesced therein by silence, and by permitting the house to remain upon her land, and to be used for school purposes without objection, an agreement for the change might be implied.

But the statements of Loveland were nothing more than the declaration of a third person that the defendant had authorized the change to be made and ordered it to be done. We have endeavored to find some ground upon which to place the admission of this evidence as error without prejudice; but we cannot ignore the fact that the defendant's assent to the change of location was a question in the case, and the objectionable evidence was upon that very point. We find no other error in the record.

REVERSED.